[Crim. No. 1657. First Appellate District, Division Two.—June 2, 1932.]

THE PEOPLE, Respondent, v. LEWIS G. TATE, Appellant.

Gerald H. Harrington and W. L. Claiborne for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton for Respondent.

STURTEVANT, J.—The defendant was convicted of the crime of forgery and has appealed from the judgment. The complaining witness, Mrs. L. D. Feighner, is a married woman residing in San Francisco. The defendant is a married man residing in Oakland. He is a painter by trade and while doing some work in an apartment house in which the complaining witness resided they became acquainted. Their acquaintance became very intimate and the families visited each other at times covering a period of four years. The check which was the gravamen of the offense set forth in the information was drawn on the Humboldt Branch of the Bank of America for the sum of $11. It was dated

September 8, 1931, was made payable to cash, and the name of L. D. Feighner was signed. The check was indorsed by L. G. Tate.

▪ The defendant complains because the trial court limited his cross-examination of the complaining witness and did not allow him to show by that witness the meretricious relations that existed between her and himself. He asserts that it was his theory of the case that he was the authorized agent of the complaining witness and as such was authorized by her to draw the check pleaded in the information. If he had been appointed the agent of the complaining witness it will not be disputed but what he should have been allowed to prove that fact. No question confined to that subject was objected to and no such evidence was excluded. However, certain questions regarding sexual relations were objected to and the objections were sustained. We see no error whatever in those rulings. Such evidence could only be relevant for the purpose of impeaching the credibility of the prosecuting witness, but it was not proper for that purpose. (*People* v. *Yslas*, 27 Cal. 630.) All material and relevant evidence on the subject of agency was admitted. To go into the subject of the illicit relations existing between the prosecuting witness and the defendant would have been to run far afield and submit to the jury an issue which was wholly foreign to the case on trial.

▪ The defendant requested and the trial court refused to give an instruction as follows: "If, after consideration of the whole case, any juror should entertain a reasonable doubt of the guilt of the defendant, it is the duty of such juror so entertaining such doubt of the guilt of the defendant not to vote for a verdict of guilty nor to be influenced in so voting for the single reason that a majority of the jury should be in favor of a verdict of guilty." The instruction was a correct statement of law and it may be conceded that it should have been given. However, there is nothing whatever in the record showing, or tending to show, that the defendant was in the least prejudiced because the instruction was not given. The same question was presented in the case of *People* v. *Perry*, 144 Cal. 748 [78 Pac. 284], nevertheless the court adverted to other instructions that were given and that it was not prejudicial error to refuse the requested instruction. In the instant case the

record contains instructions requested and refused. It does not give us the instructions that were given. So far as the record before us is concerned, it may be assumed in support of the judgment that the identical instruction was given or it may be assumed that other instructions were given that fully covered the subject.

The last point made by the defendant is that the verdict is contrary to the evidence. However, the defendant is altogether frank in admitting that the complaining witness testified that she had not authorized the defendant to draw the check, although some other witnesses gave evidence to the contrary. It is perfectly clear that there was a conflict in the evidence. If the jury believed the prosecuting witness, and from its verdict we must assume that it did, there was substantial evidence to support the verdict.

We find no reversible error in the record. The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.